IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street S.W., Suite 800<br>Washington, DC 20024,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br>The Executive Office<br>Office of the Legal Adviser, Suite 5.600<br>600 19th Street N.W.<br>Washington, DC 20522,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc., brings this action against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly

requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State ("State Department") is an agency of the U.S. Government headquartered at 2201 C Street, N.W., Washington, D.C. 20520. The State Department has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. According to media reports on April 30, 2025, Secretary of State Marco Rubio said that the State Department labeled a member of President Trump's cabinet as a purveyor of disinformation, compiling a dossier of social media posts from the unnamed cabinet member. *See, e.g.*, "Rubio says State had dossier accusing Trump Cabinet member of disinformation," *The Hill*, April 30, 2025 (available at https://thehill.com/video/rubio-says-state-had-dossier-accusing-trump-cabinet-member-of-disinformation/10674871/).

6. On May 1, 2025, Plaintiff submitted a FOIA request via email/online submission to the Defendant's Office of Information Programs and Services, seeking access to:

> Records and communications, including but not limited to dossiers, memoranda, reports, emails (internal and external), summaries, or briefing materials prepared, maintained, or distributed by the U.S. Department of State — including the Global Engagement Center (GEC) — about:
> • social media posts of any current or former member of President Donald Trump's cabinet, to include President Trump himself, alleged to constitute misinformation, disinformation, or malign influence.
> • characterizing any current or former member of President Donald Trump's cabinet, to include President Trump himself, as a "purveyor of disinformation," or similar representation;
> • communication with FBI (@fbi.gov); DOJ (@usdoj.gov); DHS (@dhs,gov), EOP (@eop.gov) about any such records described above.
> • Any guidance documents, policies, approval authorities, or directives about the Global Engagement Center collection, creation, classification, retention, or dissemination of dossiers or profiles on U.S. citizens, particularly any current or

former member of President Donald Trump's cabinet, to include President Trump himself.

The cabinet members included:

- Vice President: JD Vance
- Secretary of State: Marco Rubio
- DOGE: Elon Musk
- National Security Advisor: Mike Walz
- Secretary of the Treasury: Scott Bessent
- Secretary of Defense: Pete Hegseth
- Attorney General: Pam Bondi
- Secretary of the Interior: Doug Burgum
- Secretary of Agriculture: Brooke Rollins
- Secretary of Commerce: Howard Lutnick
- Secretary of Labor: Lori Chavez-DeRemer
- Secretary of Health and Human Services: Robert F. Kennedy Jr.
- Secretary of Housing and Urban Development: Scott Turner
- Secretary of Transportation: Sean Duffy
- Secretary of Energy: Chris Wright
- Secretary of Education: Linda McMahon
- Secretary of Veterans Affairs: Doug Collins
- Secretary of Homeland Security: Kristi Noem
- White House Chief of Staff: Susie Wiles
- Environmental Protection Agency Administrator: Lee Zeldin
- Office of Management and Budget Director: Russell Vought
- Director of National Intelligence: Tulsi Gabbard
- CIA Director: John Ratcliffe
- U.S. Trade Representative: Jamieson Greer
- U.N. Ambassador (Acting): Dorothy Shea
- Small Business Administration Administrator: Kelly Loeffler

The timeframe for the requested records was identified as January 21, 2021, to present.

8. By letter dated May 13, 2025, the State Department acknowledged receipt of Plaintiff's request and advised Plaintiff that the request had been assigned request number F-2025-16582. According to the letter, the request was received on May 1, 2025.

9. In the aforementioned May 13 letter, the State Department invoked the 10 day extension for "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B)(i)-(iii) based on a need

to "search for and collect requested records from other Department offices or Foreign Service Posts."

10. As of the date of this Complaint, the State Department has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; or (iii) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendant is in violation of FOIA.

13. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

14. Plaintiff has no adequate remedy at law.

15. Pursuant to 5 U.S.C. § 552(a)(6)(B)(i)-(iii), under "unusual circumstances" an extension of no more than 10 working days to the 20-day period in which an agency is required to make a final determination on a plaintiff's request is allowed. Therefore, to trigger FOIA's administrative exhaustion requirement, Defendant was required to make final determinations on Plaintiff's requests by June 13, 2025, at the latest. Because Defendant failed to make a final determination on Plaintiff's requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive

to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 25, 2025                             Respectfully submitted,

*/s/ Christina Bobb*
CHRISTINA BOBB
D.C. Bar No. 90021326
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Email: cbobb@judicialwatch.org

*Attorney for Plaintiff*